UNITED STATES of America,
Plaintiff–Appellee,

v.

**Terry Leonard ENGBLOM,
Defendant–Appellant.**

No. 03–30581.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Nov. 16, 2004.

William E. Fitzgerald, Assistant U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Mark Bennett Weintraub, Esq., Federal Defender's Office, Eugene, OR, for Defendant–Appellant.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Terry Engblom appeals the district court's denial of his motion to suppress statements and evidence obtained during a search of his home. He claims that the evidence and statements were obtained in violation of his Fifth Amendment rights under *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that his consent to the search was involuntary. Reviewing de novo, we agree with the district court and conclude that, given the totality of the circumstances, Engblom was neither "in custody" nor "interrogated." Reviewing for clear error, we conclude that the district court correctly found that Engblom's consent to the search of his home was given voluntarily. Accordingly, we AFFIRM.

* This disposition is not appropriate for publication and may not be cited to or by the courts

### 1. Custody and Interrogation

█ The district court properly applied the factors set out in *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001), and correctly concluded that Engblom was not in custody when he made incriminating statements. The brief encounter between Deputy Grant and Engblom occurred on Engblom's front porch, not in a confined area, and Grant made no effort to prevent Engblom or any of the others present from leaving. Furthermore, the evidence provides no suggestion that Officer Grant was in any way threatening or coercive toward Engblom or his family. Despite Engblom's assertion that Grant threatened arrest, the evidence is to the contrary. Rather, Grant informed Engblom that he believed he had probable cause to apply for a warrant to search the house and would ask everyone to step outside the residence for the officers' safety. Importantly, Grant did not tell Engblom that he would get a search warrant or that he would arrest anyone. Thus, Engblom was not in custody.

Moreover, Grant's statements do not amount to interrogation for purposes of *Miranda*. Rather, Engblom's incriminating statements were voluntary. First, Engblom asserts that the request for consent to search was "interrogation." We disagree. When Grant told Engblom that he believed he had enough information to apply for a search warrant, referring to several pieces of evidence, this was not the "functional equivalent" of questioning contemplated by *Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). *See United States v. Moreno–Flores*, 33 F.3d 1164, 1169 (9th Cir.1994).

of this circuit except as provided by Ninth Circuit Rule 36–3.

## 2. Voluntary Consent

█ Finally, we conclude, reviewing for clear error, that the district court properly applied the factors set forth in *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1988) and correctly found that Engblom's consent to the search of his house was voluntary. Under the totality of the circumstances, it is clear that the officers did not create a coercive atmosphere, and Engblom's consent was not the product of duress.

Importantly, Engblom knew he could withhold consent—he initially asserted that right. Further, Engblom was not in custody when he consented—he was standing on his front porch and was not prevented from leaving his home. The officers had their weapons holstered, not drawn. Finally, Grant's statements regarding the possibility of a warrant were not an implication that withholding consent would be futile but were intended to inform Engblom of the officer's next course of action.

**AFFIRMED.**